# Trustees of the State Hospital of the Middle Coal Field of Pennsylvania *v.* Lehigh Valley Coal Company, Appellant.

*Workmen's Compensation Law—Medical treatment of employees —Liability of employers.*

An employer is liable for the charges incident to the care of injured persons who have been sent to a hospital with its consent in accordance with the provisions of section 306, paragraph (e) of the Workmen's Compensation Act of June 2, 1915, P. L. 742.

*State hospital—Act of incorporation—Interpretation—Free treatment of injured persons.*

The Act of June 14, 1887, P. L. 399, incorporating the State Hospital for the Middle Coal Field of Pennsylvania and, providing for free treatment for persons injured about the mines, workshops, etc., did not contemplate the exemption of employers from lawful charges incident to the care of injured employees, sent to the hospital in accordance with the provisions of the Workmen's Compensation Act.

Argued March 11, 1919. Appeal, No. 36, March T., 1919, by defendant, from judgment of C. P. Luzerne Co., on case stated in the suit of the Trustees of the State Hospital of the Middle Coal Field of Pennsylvania v. Lehigh Valley Coal Company. Before ORLADY, P. J., PORTER, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated in assumpsit. Before WOODWARD, J.

The lower court entered judgment for plaintiff for $1,-166.68. Defendant appealed.

*Error assigned* was the judgment of the court.

*F. W. Wheaton,* and with him *P. F. O'Neill,* for appellant.—The power of the plaintiff to charge any one for hospital treatment was limited: Act of June 14, 1887, P. L. 399; Bank of Pa. v. Com., 19 Pa. 144; Fowler v. Scully, 72 Pa. 456; Miller v. Miller, 44 Pa. 170.

The plaintiff's charter obligations were neither repealed or extended by the Workmen's Compensation Act: Com. v. DeCamp, 177 Pa. 112; Endlich on Interpretation of Statutes, Secs. 228, 229; City of Harrisburg v. Sheck, 104 Pa. 53.

*William M. Hargest,* Deputy Attorney General, and with him *William I. Schaffer,* Attorney General, for appellees.

OPINION BY TREXLER, J., April 21, 1919:

From the case stated we learn that the plaintiff was duly incorporated by Act of June 14, 1887, P. L. 399, as a State hospital for injured persons of the middle coal field and especially for the care of persons injured about the mines, workshops and railroads. There is a provision in the charter that the trustees may from time to time charge any patient other than the classes named, an amount sufficient to cover the cost of treatment. The evident intention was that persons injured in the mines, workshops and railroads should be treated free. Certain employees of the defendant company were injured in the course of their employment "and by permission of the defendant were removed to the plaintiff hospital for treatment." This suit is brought by the hospital to recover the cost of such treatment. There is no dispute as to the correctness of the amount claimed; the question is entirely one of liability.

Sec. 306 (e) of the Workmen's Compensation Law of June 2, 1915, P. L. 742, provides, "During the first fourteen days after disability begins the employer shall furnish reasonable surgical, medical, and hospital services, medicines and supplies, as and when needed, unless the employee refuses to allow them to be furnished by the employer. The cost of such services, medicines and supplies shall not exceed twenty-five dollars, unless a major surgical operation shall be necessary; in which case the cost shall not exceed seventy-five dollars. If the employ-

er shall, upon application made to him, refuse to furnish such services, medicines and supplies, the employee may procure the same, and shall receive from the employer the reasonable cost thereof within the above limitation. If the employee shall refuse reasonable surgical, medical and hospital services, medicines and supplies, tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." The contention of the defendant is that as its employees who were treated at the hospital come within the class to which no charge was to be made, it could not be held liable for the cost of the treatment and that the mere permission offered its employees to go to the hospital for treatment imposed no liability. Were the relations between the hospital and the patients' treated alone to be considered, the question would be decided in favor of the patients. But the Act of 1915 puts upon the employer the duty in case of injury of furnishing upon demand by its employees the treatment required. If not furnished the workman may procure it elsewhere and recover the cost from the employer. The charter of the hospital was granted without regard to the employer. The person relieved from payment was the patient. He was not to be charged. It was never intended for the relief of the employer. Such effect was not within the spirit of the act nor in contemplation of the legislature at the time the charter was given, for at that time, generally speaking, there was no liability on the part of the employer to the injured employee.

When these patients were removed to the hospital by permission of the defendant, it exercised its option under the Act of 1915 and thereby became liable for the treatment. When the employer gave its permission, it waived demand for treatment. It was relieved of its duty and the hospital assumed to do what the company otherwise would have been required to do. The coal company

acquiesced by giving assent to the course pursued. An obligation of payment thus arose.

The Workmen's Compensation Act of June 2, 1915, P. L. 736, is an act of general application, and the duty of employers to employees, is fixed throughout the Commonwealth. Under the changed conditions created by this act, the employees injured in the mines have a different status, and the necessity of any provision for their free treatment by the hospital disappeared. To hold otherwise would make an exempted class of certain employers and would indirectly cast upon the State the care of the injured employees of such companies. We do not think that such a result would be in accordance with the intent of either act.

Judgment affirmed.

Porter, J., dissents.